FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 AUG -9  PM 2:42

JEFFREY P. COLWELL
CLERK

BY_____ DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **'19 - CV - 02282**
(To be supplied by the court)

_____Eddie Campbell_____, Plaintiff

v.

_____Robert Willkie_____,

___Secretary, Department of Veteran Affairs___,

_____Agency_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**EMPLOYMENT DISCRIMINATION COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Eddie Campbell, 27463 E. Euclid Dr. Aurora, CO 80016
(Name and complete mailing address)

303-755-2795 eddie.campbell2@VA.GOV
(Telephone number and e-mail address)

### B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Robert Wilkie, Secretary, Department of Veterans Affairs
810 Vermont Ave, NW Washington, DC 20420
(Name and complete mailing address)

1-800-827-1000
(Telephone number and e-mail address if known)

Defendant 2: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

### C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

__x__ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

__x__ Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

____ Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

___ Other: (*please specify*) _____

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE <u>Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.</u>

The conduct complained of in this claim involves the following: (*check all that apply*)

    ___ failure to hire      ___ different terms and conditions of employment

    _x_ failure to promote      ___ failure to accommodate disability

    ___ termination of employment      ___ retaliation

    ___ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

    _x_ race      ___ religion      ___ national origin      ___ age

    _x_ color      ___ sex      ___ disability

Supporting facts:

3

**CLAIM TWO** _____

The conduct complained of in this claim involves the following: (check all that apply)

    __ failure to hire          __ different terms and conditions of employment

    __ failure to promote        __ failure to accommodate disability

    __ termination of employment      retaliation

    other: (please specify)


Defendant's conduct was discriminatory because it was based on the following: (check all that apply)

       race          religion       national origin      age

  x   color         sex          disability

       **Supporting facts:**

4

### E. ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

    **_x_** Yes (***You must attach a copy of the administrative charge to this complaint***)

    ___ No

Have you received a notice of right to sue? (*check one*)

    **_x_** Yes (***You must attach a copy of the notice of right to sue to this complaint***)

    ___ No

### F. REQUEST FOR RELIEF
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."* **Please see Attached**

### G. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my

5

knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

08/08/19
_____
(Date)

(Form Revised December 2017)

D Statement of Claims

My name is Eddie Campbell, I am an African American Disabled Veteran and I claim to have been discriminated both racially and against my disability during a VA Hospital promotional opportunity.

My experience ranges in various fields such as Department Manager/Supervisor, CPAP management, Home Care, DME services, Home Sleep Testing, Pulmonary Function Testing, ABG Functions, Bronchoscopy procedures, Initiating/Managing department Policies and Procedures, Basic Respiratory Floor Therapy, Ventilator management ,Critical Care, Education/Training, Tracheotomy Care and founded True Sleep LLC a CPAP/ Respiratory Therapist Specialty DME Company prior to working for the VA Hospital Pulmonary Department.

I have been working for the VA Hospital Pulmonary department since September 2015 and have attempted to advance my career with the VA Hospital on two separate occasions through the Promotion process. By applying for a Pulmonary Supervisor position which has become vacant two times in a nine-month period.

I was denied advancement opportunities both times after two separate interviews with the same electing officials who conducted both interviews (2016 and 2017). Dr. Edward Dempsey is the Chief over The Pulmonary department and was the hiring official for the two vacancies. After being notified, that I was not selected for the first job opening (2016) in person by Dr. Edward Dempsey, whom stated that the selection was very close between myself and Marshall Henry (Caucasian Male), Who was selected as the new Pulmonary Supervisor, which later I was informed that he had little to no Respiratory and Sleep management experience.

I then spoke with Dr. Dempsey after he made the announcement of the newly hired Supervisor, requesting if he could explain to me why I was not considered for the position. I wanted opportunity to improve on the areas where I may have been deficient in the interviewing selection process.
His reply was he would have to discuss this matter with the board and get back with me. As of current date he has yet to contact me in response to the concerns of those matters.

The second Interview results I was notified by email on 11-30-18. This time, stating that I didn't score high enough to even be consider as a strong candidate for the position for the Pulmonary Supervisor position. Jennifer O'Dell (Non-Vet Caucasian Female) on 11-30-18 was announced as the newly appointed Pulmonary Supervisor.

I am now concerned that I am being discriminated against because of one or many reasons (race, and or being a disabled veteran.)
I base this theory on the facts of how my two job interviews were conducted.

On the first interview (2016) for the Pulmonary Supervisor position, I found one of the panels interviewers (Jean Barnhill) to be very cold and callused, disinterested and often indicated signs of boredom to my responses to the questions I addressed during the interviewing process. She never established eye contact with me during any part of her questioning for the position. Her questioning was very dry and brief.

The second interview (Job vacancy 2017), was conducted totally different from the first, now Jean Barnhill 's behavior confirmed my doubts. Jean Barnhill was now in attack mode!

She now was offensive, aggressive degrading, insulting, she was interrupting now all my responses, and not allowing me to finish my responses to any questions from the other interviewers.
Jean Barnhill took a totally different stance, now she was engaged and purposed to personally attack my every response by verbally analyzing, bullying, discrediting and interrupting many of my interview responses. While the other interviewers ignored this behavior as if it was part of the interviewing process. During one of my questions, I responsed by giving my opinion on how I would change or make the department better. I choose to address the contract issues that were and currently affecting thousands of our veteran CPAP patients.

I stated, that I can't speak to the details of the contract, however this could be a simple fix by having a voucher system in place with PM Sleep. Jean Barnhill immediately cut my response off and took the opportunity at that time to discredit and to take full advantage to attack my character by stating "that you obviously don't know anything about the way the federal government works and that you must not understand the way contracts are handled with the VA."( Please note: my company True Sleep LLC was award government contracts from my experience writing proposals)

The next attack I experienced, was after taking the advice of my coworkers to do something different for this interview. I decided to randomly select three employee acknowledgement patient statements to present during the interview. During one of the questions, I believe it was along the lines of how would you best solve or handle a patient's concern or a problem? At that time, I took the liberty to present those documents. Jean Barnhill immediately stated, "these documents have to be shredded, for this is a HIPPA violation." I found that to be odd because she forward and sent one of those documents to everyone who was on the interviewing panel and patient information was marked off.

During another response, I addressed a question about improving the relationship between the night and day staff performances. I responded by saying, I would have monthly or quarterly meetings to improve communication. That would hopefully prevent some of the recent problems we had in the sleep lab with a dirty room. Once again, Jean Barnhill without regards to my interview, took center stage to boost how she resolved that matter and stated" I told you if you want things done just simply notify me and I'll get it done."

The last attack which was the most insulting. It was when I responded to the last question, about how or what would make the department better? I responded with saying "Me". Jean Barnhill gave me such a look of disguse and disrespect that I was lost for words. Once again, the other interviewers saw Jean Barnhill's behavior and acted as though this was normal behavior.

In conclusion, I am confident to say that my interviews were conducted with extreme prejudice. I base this fact on how my interviews were executed by the same interviewing panel towards me. I felt at the very start of the interviews that I had no real chance of being seriously consider for either job openings and my interview was just a formality. I was just a disable veteran that had to be interviewed to complete the obligation of this committee.

The interviewer's actions support my beliefs, by her conduct during both interviews, by not showing any signs of sincere consideration. Only displaying extreme boredom, disrespect, cutting off my responses and visually making facial expression of signs of extreme disgust.

This was not an interview but an interrogation. I have never in my 40 years of employment been treated so unfairly in an interview. I felt discriminated, demoralized, degraded, disrespected and belittled during these interviews.

Since working for the Denver VA Hospital I have always strived for perfections, given my best effort every day I have worked at this VA. I always have volunteered whenever there was a need (Bronchoscopy lab, PFT lab, Home Oxygen lab and Home Sleep Lab.) and have always put my coworkers and put veteran patients first above my own personal needs. These actions can very easily be confirmed/supported by all my coworkers and my department evaluations which are expressed by superior and outstanding performance job ratings by three different supervisors.

Request for Relief

WHEREFORE, The Plaintiff request

Compensatory damages, including general and special damages according to proof.
Any further relief which the court may deem appropriate.